IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| **BRADLEY DENNANY**, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:25-cv-10384 ) ) **COLLECTIVE AND CLASS ACTION COMPLAINT** ) ) |
| **LITTLE CAESAR ENTERPRISES, INC.**, | ) **JURY DEMAND INCLUDED** ) **HEREON** ) |
| Defendant. | ) ) |

Plaintiff Bradley Dennany ("Named Plaintiff"), on behalf of himself and others similarly situated, files this class and collective action Complaint against Defendant Little Caesar Enterprises, Inc. ("Defendant") and states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 as well as the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Named Plaintiff brings this case as an FLSA "collective action" on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

1

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harm described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and has its principal place of business in this District and Division.

## PARTIES

7. Named Plaintiff is an individual residing in Ohio who was employed by Defendant as a non-exempt hourly co-manager from approximately November 2018 to May 2023. Named Plaintiff's written consent to join this action is attached as **Exhibit A**.

8. At all relevant times, Named Plaintiff and others similarly situated were "employees" within the meaning of the FLSA and the OMFWSA.

9. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Defendant Little Caesar Enterprises, Inc. is a for-profit corporation incorporated under the laws of Michigan which owns, franchises, operates, manages, or is otherwise engages in business with its stores and franchisees in numerous States, including Ohio. Defendant can be served at its registered agent Stanford Berenbaum, at 2211 Woodward Avenue, Detroit, MI 48201-3400.

11. At all relevant times, Defendant was an employer of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

12. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and the OMFWSA.

## FACTS

14. At all relevant times, Named Plaintiff and the other similarly situated employees were or are hourly, non-exempt employees and were routinely required to work 40 or more hours per workweek.

15. Named Plaintiff and all other similarly situated employees were required to respond to and/or make phone calls and/or respond to text messages from Defendant most, if not every day while off-the-clock and not during their scheduled shift times.

16. The phone calls and text messages were related to Defendant's business and an integral, indispensable, and intrinsic element of Named Plaintiff and other similarly situated employees' jobs. For example, the matters discussed and/or communicated during these calls and messages included, but were not limited to, work-related issues such as the store's operations, scheduling, orders, inventory, etc.

17. This work took approximately 10 to 20 minutes per day.

18. Defendant did not pay Named Plaintiff and other similarly situated employees for this off-the-clock work and did not count it towards their weekly work hours.

19. Defendant's failure to pay Named Plaintiff and other similarly situated employees for all compensable work resulted in unpaid overtime in violation of the FLSA and Ohio law.

20. Despite knowing that Named Plaintiff and others similarly situated were working outside of their scheduled shift times performing this off-the-clock work, Defendant did not and has not compensated Named Plaintiff and other similarly situated employees for this work time.

21. Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages at one and one-half times their regular rates.

22. The exact total amount of damages, including overtime wages due to working off-the-clock, is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant.

23. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees for at least 10 to 20 minutes of off-the-clock work as described herein.

## COLLECTIVE ACTION ALLEGATIONS

24. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

26. The collective that Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff is himself a member (the "FLSA Collective"), is composed of and defined as follows:

> **All current and former hourly managers, including but not necessarily limited to, co-managers, assistant managers, and**

5

**others hourly employees with similar duties but different titles, who worked for Defendant and who worked 40 or more hours in a workweek during the period three years preceding the filing of this Complaint and continuing through the final disposition of this case.**

27. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees and all were subjected to and injured by Defendant's unlawful practice of failing to pay Plaintiff and those similarly situated for all time worked and/or not properly calculating overtime pay. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

29. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c), 29 C.F.R. §215.2.

## OHIO CLASS ACTION ALLEGATIONS

30. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All current and former hourly managers, including but not necessarily limited to, co-managers, assistant managers, and others hourly employees with similar duties but different titles, who worked for Defendant in Ohio and who worked 40 or more hours in a workweek during the period two years preceding the filing of this Complaint and continuing through the final disposition of this case.**

32. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals, whose identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

33. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay Plaintiff and those similarly situated for all time worked and whether such unpaid time resulted in unpaid overtime compensation.

34. Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of

conduct by Defendant and are based on the same legal theories as the claims of other Ohio Class members.

35. Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

36. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

37. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

38. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their

claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

42. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. §207(a)(1).

43. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

44. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

45. Defendant failed to pay Named Plaintiff and other similarly situated for all time worked resulting in the underpayment of overtime.

46. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective members all overtime compensation earned.

47. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

49. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
### (Ohio Overtime Violations)

50.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51.     Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

52.     Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

53.     Named Plaintiff and other similarly situated employees were not paid for all time worked and/or at the properly calculated overtime rate, resulting in overtime violations of Ohio law.

54.     Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees for all earned overtime compensation at a properly calculated rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, O.R.C. 4111.03(A).

55.     As a result of Defendant's practices, Named Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, on behalf of himself and others similarly situated, respectfully request that the Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Named Plaintiff, the Opt-Ins who join, and the Ohio class actual damages for unpaid wages;

E. Award Named Plaintiff, the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the Opt-Ins;

F. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio 0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

# JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*